IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Kyesha Edwards, | ) | |
| | ) | Civil Action No.: 3:19-cv-02671-JMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER AND OPINION** |
| | ) | |
| BCDR, LLC, *d/b/a/ Chick-Fil-A*, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

      Plaintiff Kyesha Edwards brought the instant suit alleging her former employer, Defendant Chick-Fil-A,[1] retaliated against her under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e, *et seq*. (*See* ECF No. 1-1.) In a prior order, the court disagreed with the Magistrate Judge's Report and Recommendation ("Report") and granted Chick-Fil-A's Motion for Summary Judgment. (ECF No. 51.) Before the court is Plaintiff's Motion to Reconsider. (ECF No. 54.) Chick-Fil-A filed a Response, (ECF No. 58) and Plaintiff filed a Reply. (ECF No. 60).

      The facts of the case are laid out in depth in the Report (ECF No. 43) and the court's prior Order (ECF No. 51), and the court adopts them here without another recitation. For the reasons below, the court **GRANTS** Plaintiff's Motion to Reconsider, (ECF No. 54), and **DENIES** Chick-Fil-A's Motion for Summary Judgment (ECF No. 28).

## I.     LEGAL STANDARD

      Rule 59 allows a party to seek an alteration or amendment of a previous order of the court. Fed. R. Civ. P. 59(e). Under Rule 59(e), a court may "alter or amend the judgment if the movant shows either (1) an intervening change in the controlling law, (2) new evidence that was not

---

[1] The court uses the terms "BCDR" and "Chick-Fil-A" interchangeably to refer to Defendant.

1

available at trial, or (3) that there has been a clear error of law or a manifest injustice." *Robinson v. Wix Filtration Corp.*, 599 F.3d 403, 407 (4th Cir. 2010); *see also Collision v. Int'l Chem. Workers Union*, 34 F.3d 233, 235 (4th Cir. 1994). It is the moving party's burden to establish one of these grounds in order to obtain relief. *Loren Data Corp. v. GXS, Inc.*, 501 F. App'x 275, 285 (4th Cir. 2012). The decision whether to reconsider an order under Rule 59(e) is within the sound discretion of the district court. *Hughes v. Bedsole*, 48 F.3d 1376, 1382 (4th Cir. 1995). A motion to reconsider should not be used as a "vehicle for rearguing the law, raising new arguments, or petitioning a court to change its mind." *Lyles v. Reynolds,* C/A No. 4:14-1063-TMC, 2016 WL 1427324, at *1 (D.S.C. Apr. 12, 2016) (citing *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008)).

## II.     ANALYSIS

Plaintiff argues the court should reverse its earlier grant of summary judgment to Defendant because "there has been a clear error of law or a manifest injustice." *Robinson*, 599 F.3d at 407. (ECF No. 54 at 1.) In essence, Plaintiff contends that the court misapplied the summary judgment standard and made impermissible credibility findings regarding the testimony of Plaintiff, Richardson (the restaurant's owner), and various managers who provided declarations regarding Plaintiff's contemporaneous reports of inappropriate touching prior to her firing from Chick-Fil-A. (ECF No. 54 at 3-4.) Plaintiff emphasizes that resolving questions of fact is a jury function, and any effort by the court to reconcile conflicting material facts to determine who will ultimately succeed on the merits of the case is improper at this stage. In other words, requiring Plaintiff to prove her case at the summary judgment stage improperly enhances her burden, especially in a case where the central issues are "states of mind." (*Id*. at 3 (citing *Ballinger v. N.C. Agr. Extension Serv.*, 815 F.2d 1001, 1005 (4th Cir. 1987)).) Finally, Plaintiff challenges the court's reliance on

inadmissible or late-filed evidence, such as the declaration of Store Manager Travis Green, filed after the close of discovery and nearly two years after Defendant's investigation of Plaintiff's claims, which ostensibly echoes Richardson's testimony and reinforces his credibility. (*Id*. at 10-12.) Plaintiff's argument therefore centers on the assertion that the court improperly weighted the evidence against her (the non-moving party), and essentially required her to prove her case at the summary judgment stage. (*Id*. at 9-10.)

Defendant counters that Plaintiff has "failed to meet her burden of establishing pretext" and that Plaintiff's arguments on reconsideration fail to acknowledge her burden of proof. (ECF No. 58 at 3-8.) At any rate, Defendant claims Plaintiff has not met the substantial bar of Rule 59(e), and merely rehashes arguments she had "ample opportunities" to present. (*Id*. at 2-3.)

At the outset, the court notes that to survive summary judgment on her retaliation claim, Plaintiff must put forth sufficient evidence *such that a reasonable jury could find* that Defendant's alleged non-retaliatory reason for her firing was pretextual "and the true reason is discriminatory or retaliatory." *Guessous v. Fairview Prop. Inv., LLC*, 828 F.3d 208, 216 (4th Cir. 2016). Thus, while it is true that Plaintiff must prove pretext and retaliation by a preponderance of the evidence to win her case, she must only demonstrate material questions of fact on these issues to go to trial. *Merritt v. Old Dominion Freight Line, Inc.*, 601 F.3d. 289, 294 (4th Cir. 2010). Crucially, despite the intricate burden-shifting frameworks defining employment discrimination or retaliation cases, the court "should not treat discrimination differently from other ultimate questions of fact." *Reeves v. Sanderson Plumbing Prod., Inc.*, 530 U.S. 133, 148 (2000). As in any case, the court is bound to apply the correct legal standard. Improper credibility determinations during the pre-trial phase risk eroding the hallowed right to a jury trial upon which our system of justice is grounded. *Poller v. Columbia Broad. Sys., Inc.*, 368 U.S. 464, 467 (1962) (explaining that summary judgment is

proper "only where the moving party is entitled to judgment as a matter of law, where it is quite clear what the truth is, and where no genuine issue remains for trial, *for the purpose of the rule is not to cut litigants off from their right of trial by jury if they really have issues to try*") (quotations and internal marks omitted) (emphasis added).

Here, Defendant ostensibly fired Plaintiff for intentionally lying about her coworker's sexual misconduct. (ECF No. 43 at 8.) She alleges that the true reason for her termination was her complaint against her boss' son. (*Id*. at 7.) To establish pretext at the summary judgment stage, Plaintiff must show genuine issues of fact as to whether Defendant honestly believed she was lying. *See Drummond v. Mabus*, No. 4:15-CV-110-FL, 2016 WL 4921424, at *6 (E.D.N.C. Sept. 15, 2016), *aff'd sub nom. Drummond v. Stackley*, 687 F. App'x 277 (4th Cir. 2017). The court need not decide the veracity of Plaintiff's complaints at this stage. But "[p]recisely because the ultimate fact of retaliation turns on defendants' state of mind, it is particularly difficult to establish by direct evidence." *Smith v. Maschner*, 899 F.2d 940, 949 (10th Cir. 1990). In cases where direct proof of the defendant's state of mind does not exist, plaintiffs can rely on circumstantial evidence to meet their burden. *See, e.g. Rudin v. Lincoln Land Cmty. Coll.*, 420 F.3d 712, 720 (7th Cir. 2005). And as "reasonable persons may differ on the inferences critical in determining a person's state of mind, summary judgment is more often the inappropriate way of resolving the issue of an employer's retaliatory intent." *Ramirez v. IBP, Inc.*, 913 F. Supp. 1421, 1428 (D. Kan. 1995) (citing *Koopman v. Water Dist. No. 1 of Johnson County,* 972 F.2d 1160, 1164 (10th Cir.1992)). By nature, circumstantial evidence must be considered as a whole. While individual facts may not be sufficient to cast doubt on an employer's proffered justifications, taken as a whole, the totality of the circumstances surrounding the employer's action may carry the plaintiff's burden in a jury's eyes.

Re-evaluating its prior order, the court concludes that triable issues of fact remain as to the question of pretext, because taken as a whole, Plaintiff's evidence could demonstrate that Richardson did not actually believe that she was lying when he fired her. Plaintiff has put forth the following circumstantial evidence: (1) the video footage was inconclusive, and therefore did not prove Plaintiff was lying, (ECF No. 43 at 9-10); (2) Richardson's account of the number of touches Plaintiff alleged to him and other managers at Chick-Fil-A changed substantially over several investigations, supporting an inference that Richardson was intentionally attempting to paint Plaintiff as inconsistent and unreliable, (*id*. at 8-9); (3) contemporaneous declarations from all other Chick-Fil-A employees supported Plaintiff's testimony and notes as to the number of inappropriate touches, and the only employee who corroborated Richardson's testimony that Plaintiff unreliably alleged widely varying numbers of touches was Store Manager Green, who filed his declaration nearly two years after these events, (ECF No. 54 at 3-4); (4) Plaintiff's complaint temporally coincided with her firing, (ECF No. 43 at 11); and (5) as "the accused person's father," Richardson may have had some retaliatory motive against Plaintiff, (*id*. at 10-11).

This type of evidence is fraught with credibility judgments. A reasonable jury could, for instance, find that Plaintiff reported inappropriate touches to various team leaders at the store, who all told Richardson a consistent story regarding the number and type of touches in Plaintiff's reports. And while the store's security cameras did not capture these touches directly, they also do not rule out the possibility that Plaintiff was telling the truth. The videos do not, for instance, present a full view of all areas behind the counter and the kitchen and show employees stepping back from the counter and out of the camera's view. Moreover, almost all evidence of Plaintiff's alleged inconsistency derives from Richardson's own testimony. Richardson's allegation that

Plaintiff changed her story was uncorroborated by *anyone* until Green, the manager of Richardson's store, filed a declaration nearly two years after the fact. (ECF No. 54 at 10-11.) A reasonable jury could discount such evidence as self-serving and incredible, especially after assessing the demeanor of all witnesses in the case. With Plaintiff's additional allegations that she was fired immediately after a relatively cursory investigation that involved reviewing security footage on a cell-phone screen, a reasonable jury could find that Richardson could not honestly have believed that Plaintiff was lying. In a similar vein, the jury could find against Plaintiff after observing her demeanor at trial or concluding the evidence is simply insufficient to support her contentions.

It is true that by themselves, a hasty investigation, temporal proximity, or familial relationships cannot establish pretext. *See Nnadozie v. ManorCare Health Servs., LLC*, 792 F. App'x 260, 262 (4th Cir. 2019); *Jones v. United Health Grp., Inc.*, 802 F. App'x 780, 783 (4th Cir. 2020). But in a case like this, where all the evidence is circumstantial, the jury must consider the whole story "through a panoramic lens" and decide whom it will believe. *DeMasters v. Carilion Clinic*, 796 F.3d 409, 418 (4th Cir. 2015). The court cannot step into the jury's province to do so itself. Upon reassessment, the Summary Judgment Order (ECF No. 51) impermissibly considered the relative persuasiveness of various witnesses, which amounts to clear error under the Rule 56 summary judgment standard. *Childress v. City of Charleston Police Dep't*, 657 F. App'x 160, 162 (4th Cir. 2016) (reversing the district court's grant of summary judgment because it "made an improper credibility finding" after resolving a disputed matter in the defendant's favor); *see also Lorenzen v. Montgomery Cty. Bd. of Educ.*, 403 F. App'x 832, 835 (4th Cir. 2010) (explaining that "to the extent the district court engaged in fact finding," its holding was "clearly erroneous"). Therefore, the court grants Plaintiff's Rule 59(e) Motion to Reconsider.

## III.     CONCLUSION

For these reasons, the court **GRANTS** Plaintiff's Motion to Reconsider, (ECF No. 54), and **DENIES** Chick-Fil-A's Motion for Summary Judgment (ECF No. 28).

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

March 31, 2022
Columbia, South Carolina